UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARK BALDWIN AND ASHLEY BALDWIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-1281** |
| **UNITED PROPERTY & CASUALTY INSURANCE COMPANY** | **SECTION "B"(1)** |

## ORDER AND REASONS

Considering plaintiffs Mark Baldwin and Ashley Baldwin's first amended complaint (Rec. Doc. 33) and plaintiffs' memorandum on subject matter jurisdiction (Rec. Doc. 37),

**IT IS HEREBY ORDERED** that the case is **DISMISSED WITHOUT PREJUDICE**.

Plaintiffs filed their complaint in this Court against insurer United Property & Casualty Insurance Company ("UPC"), alleging covered damage to their Luling, Louisiana property from Hurricane Ida. *See* Rec. Doc. 1 at 1–2. Plaintiffs assert federal jurisdiction through 28 U.S.C. § 1332 "because complete diversity of citizenship exists between the parties and the amount in controversy exceeds the minimum jurisdictional amount." *Id.* at 2 ¶3. Averring the need for "massive repairs," plaintiffs contend UPC only provided $8,255.83 in coverage. *Id.* at 2–3 ¶¶9, 11. Plaintiffs allege their own adjusters documented over $125,000 in damages. *Id.* at 3 ¶14. In addition to a breach of insurance contract action, plaintiffs also complain of UPC's breach of good faith duties pursuant to Louisiana Revised Statutes §§ 22:1892 and 22:1973. *Id.* at 5–9.

Parties consented to opt into the Eastern District of Louisiana Court's Streamlined Settlement Program ("SSP"). *See* Rec. Doc. 17 at 1 ("The parties also acknowledge that, by opting in to the SSP, this matter will be stayed pursuant to the terms of [Case Management Order No. 1, *In re Hurricane Ida Claims*] and said stay will only be lifted pursuant to those terms."). Nearly thirteen months later, plaintiffs filed a series of motions to enforce a settlement agreement between

1

the parties and to notice the Court of UPC's subsequent insolvency. *See* Rec. Docs. 24, 25, and 26. Citing the automatic stay issued by the Florida court overseeing UPC's receivership, we dismissed without prejudice plaintiffs' motion to enforce settlement. Rec. Doc. 27. In that Order, we provided plaintiffs with two possible avenues for relief:

> Movants may consider seeking relief from that [automatic stay] order in the liquidation proceedings before the latter state court. Alternatively, an amendment to the complaint adding the Louisiana Insurance Guaranty Association (LIGA) and other responsible parties may be another consideration.

*Id.* at 1. Over three months later, plaintiffs moved for such an amendment. *See* Rec. Doc. 30. In granting plaintiffs' motion to amend their complaint and add LIGA as a defendant, Magistrate Judge Van Meerveld ordered "as soon as possible, but in any case, **no later than Monday, April 8, 2024**, plaintiffs and newly added defendant LIGA file memoranda addressing the effect of adding LIGA as a party defendant in the above-captioned case on this Court's jurisdiction over this matter under 28 U.S.C. § 1332." Rec. Doc. 32 at 1 (emphasis in original). Finally, Judge Van Meerveld noted: "This Court has found such addition of a non-diverse defendant, i.e. LIGA, destroys diversity jurisdiction in similar cases." *Id*. Plaintiffs timely filed their memorandum. *See* Rec. Doc. 37. Although served and having moved the Court to substitute attorneys, LIGA did not file such a memorandum. *See* Rec. Docs. 34 and 35. LIGA is named as an additional defendant in the first amended complaint. *See* Rec. Doc. 33.

Plaintiffs' memorandum on subject matter jurisdiction concurs with Judge Van Meerveld's concluding observation: "Plaintiffs agree with this Court that complete diversity has been destroyed by adding nondiverse defendant LIGA, for the reasons described below." Rec. Doc. 37 at 1. Specifically, plaintiffs confirm they are citizens of Louisiana and acknowledge amended defendant LIGA is a citizen of Louisiana as well. *Id.* at 1–3 ("As LIGA's members are domiciled in and citizens of the State of Louisiana, LIGA is a citizen of Louisiana for the purposes of federal

diversity jurisdiction under 28 U.S.C. § 1332."). Plaintiffs further concede that diversity is judged at the time of amendment, and not from the initial complaint. *Id.* at 3 (quoting *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473–74 (2007) ("[W]hen a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction."). However, plaintiffs stop short of admitting their complaint amendment has thereby stripped this Court of jurisdiction:

> [I]t is up to this Court's discretion to determine whether this Court possesses subject matter jurisdiction on the basis of diversity under 28 U.S.C. § 1332 when Plaintiffs have Louisiana citizenship and LIGA who also has Louisiana citizenship has been named as an additional Defendant.

*Id.*

Despite plaintiffs' invitation, jurisdiction is not a fact left to our "discretion." Plaintiffs' amendment destroys diversity and divests this Court of subject matter jurisdiction.

As previously noted, this action is brought with subject matter jurisdiction through 28 U.S.C. § 1332, which requires an amount in controversy exceeding $75,000 and diversity of citizenship of parties. 28 U.S.C. § 1332(a). Diversity of citizenship must be complete, that is, where "all persons on one side of the controversy [are] citizens of different states than all persons on the other side." *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (quotation omitted).

Plaintiffs' memorandum acknowledges that LIGA is "a citizen of Louisiana for the purposes of federal diversity jurisdiction under 28 U.S.C. § 1332." Rec. Doc. 37 at 2–3. The Fifth Circuit has determined LIGA has the citizenship for diversity purposes of each of its constituent member insurers." *Temple Drilling Co. v. Louisiana Ins. Guar. Ass'n*, 946 F.2d 390, 394 (5th Cir. 1991). Other sections of the Eastern District court have concluded that a constituent member of LIGA has Louisiana citizenship; thereby, LIGA adopts the citizenship of Louisiana. *See, e.g., Soza*

3

*v. S. Fid. Ins. Co.*, No. 22-1400, 2023 WL 2770125, at *5 (E.D. La. Apr. 4, 2023) (Vitter, J.); *Andry v. United Property and Casualty Ins.*, No. 2:22-04544, 2023 WL 6442866, at *1 (E.D. La. Oct. 3, 2023) (Fallon, J.); *McDonald v. United Prop. & Cas. Ins. Co.*, No. 22-3757, 2023 WL 6464772, at *2 (E.D. La. Oct. 4, 2023) (Morgan, J.); *14th St. Properties, LLC v. S. Fid. Ins. Co.*, No. 22-1593, 2023 WL 416317, at *1 (E.D. La. Jan. 26, 2023) (Brown, C.J.); *Soza v. S. Fid. Ins. Co.*, No. 22-985, 2023 WL 315948, at *1 n.3 (E.D. La. Jan. 19, 2023) (Ashe, J.).

Unlike those cases, however, plaintiffs' action did not originate in state court. As such, remand is impossible. *See* 28 U.S.C. § 1447(c), (d) (describing "remanding a case to the State court from which it was removed"); *see also Evanston Ins. Co. v. Marine Safety Servs., LLC.*, No. 05-5244, 2006 WL 1560823, at *1 (E.D. La. May 18, 2006) ("The Court has no authority to remand this case because it did not originate in state court."). Where LIGA's addition as a party to a federally filed complaint has stripped subject matter jurisdiction, district courts in this circuit have dismissed the case without prejudice. *See Buras v. United Prop. & Cas. Ins. Co.*, No. 22-4286, 2023 WL 7412914, at *1 (E.D. La. Nov. 9, 2023) ("[C]omplete diversity no longer exists between the parties, and the Court may no longer assert diversity jurisdiction over this action."); *Garel v. S. Fid. Ins. Co.*, No. 22-5304, 2023 WL 7412916, at *1 (E.D. La. Nov. 9, 2023) ("Plaintiff has identified no other basis for the Court to continue asserting subject matter jurisdiction over this matter, and the Court has found none. Thus, having determined that it lacks subject matter jurisdiction, the Court must dismiss this action."); *Chatman v. Maison Ins. Co.*, No. 22-1055, 2024 WL 347889 (M.D. La. Jan. 30, 2024); *Perry v. Weston Prop. & Cas. Ins. Co.*, No. 2:22-2618, 2023 WL 5958120 (W.D. La. Aug. 21, 2023), *report and recommendation adopted*, No. 2:22-2618, 2023 WL 5942306 (W.D. La. Sept. 12, 2023); *but see Pousson v. S. Fid. Ins. Co.*, No. 6:22-4717,

4

2024 WL 251157 (W.D. La. Jan. 23, 2024) (denying dismissal where LIGA was named a defendant through party substitution, not complaint amendment).

Here, plaintiffs' amended complaint pursues an action grounded on diversity jurisdiction but without diversity of parties. Parties have identified no other jurisdictional basis for the action. As such, the case must be dismissed without prejudice for lack of subject matter jurisdiction.

New Orleans, Louisiana, this 9th day of April, 2024

_____
SENIOR UNITED STATES DISTRICT JUDGE
